1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | ~~05-0268M~~ 05cr 1286-PHX-DGC |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Kelly S. Wicktor, et al., | ) | |
| Defendants. | ) | |

This matter arises on the Government's Motion to Reconsider Jencks Act Disclosure. (document # 7) The Court ordered that Defendants Dustin Wicktor, Thomas Leggitt, Michael Reyna, and Kelly Wicktor respond to the motion either collectively or individually and that the Government file a Reply. (document # 14) Defendants[1] and the Government have timely submitted briefing in accordance with the Court's order. (documents # 20, # 22) Therefore, this matter is ready for consideration.

///

///

---

[1] Defendant Kelly Wicktor and Defendant Leggitt filed separate responses. (documents # 22, 20, respectively) Dustin Wicktor has not filed a separate response. Defendant Reyna filed an interim response to the Motion to Reconsider and later joined in the response filed by Defendant Leggitt. (document # 21) Thereafter, he withdrew his joinder in Leggitt's response because Defendant Reyna and the Government have reached an agreement regarding the discovery that the Government will provide pursuant to its "open file" policy. (document # 24) There is no indication whether the Government intends to provide the discovery to the other three defendants under the "open file" policy. Therefore, the Court must determine whether to order disclosure under Rule 26.2(a).

## I. Background

Defendants are charged with stealing firearms from a federally licensed firearms dealer and with possessing stolen firearms. On November 16, 2005, the Court conducted a preliminary hearing and determined that probable cause existed to believe that Defendants had committed the claimed offenses.

During the preliminary hearing, the Government presented one witness, Detective Nicholas Susuras. During direct examination, Detective Susuras testified based on his own knowledge and based on his review of reports prepared by three other detectives, Detectives Kellog, Kiefer, and Diaz. (Tr. 11/16/05 at 11, 16, 18, 21, 24-25) Detective Susuras testified that he prepared a criminal complaint based on his review of the detectives' reports. (Tr. 11/16/05 at 11, 27-28)

Detective Susuras testified that he had not made his own report of the investigation before the preliminary hearing. (Id. at 23) Rather, to prepare for the preliminary hearing Detective Susuras reviewed the reports of Detectives Kellog, Kiefer, and Diaz. (Id. at 24-25) Upon the motion of defense counsel, the Court ordered the Government to produce the reports prepared by Officers Kellogg, Kiefer, and Diaz (the "reports") pursuant to Fed.R.Crim.P. 26.2 by a date certain. (Id. at 26) Rather than produce the reports, the Government filed a motion to reconsider arguing that the reports are not subject to disclosure under either the Jencks Act or Rule 26.2 because there were not *made* by the testifying witness. The Court stayed its discovery order pending written briefs by the parties. Defendants oppose the motion to reconsider.

## II. Analysis

Federal Rule of Criminal Procedure 26.2(a) provides that:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for examination and use of the moving party, **any statement of the witness** that is in their possession and that relates to the subject matter of the witness's testimony.

Fed.R.Crim.P. 26.2(a)(emphasis added). Section (f) defines the term "statement", in relevant part, as "a written statement that the witness makes and signs, **or otherwise adopts and approves**." Fed.R.Crim.P. 26.2(f)(emphasis added).

Rule 26.2 incorporates the rules from the Jencks Act, 18 U.S.C. § 3500[2], and extends their applicability to defense witnesses and to other evidentiary hearings before and after trial. Rule 26.2 was intended to replace the provisions of the Jencks Act which related to prior statements of testifying witnesses, on "'the notion that provisions which are purely procedural in nature should appear in the Federal Rules of Criminal Procedure rather than in Title 18.'" United States v. Smith, 31 F.3d 1294, 1301 (4th Cir.1994)(quoting Advisory Committee Note to Fed.R.Crim.P. 26.2)) The Jencks Act and Rule 26.2 define "statement" in the same way. United States v. Massanova, 1999 WL 761136, *11 (E.D.Pa. 1999). Accordingly, although the challenged ruling was based on Rule 26.2, the Court will rely on cases that cite and interpret either or both Rule 26.2 and the Jencks Act.

The issue here is whether Rule 26.2(a) requires that upon request of a defendant the Government must produce the investigative report that a Government witness at a preliminary hearing has adopted and relied upon as the basis of his testimony.[3] Counsel has not provided,

---

[2] The Jencks Act provides, in pertinent part, that:

In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).

[3] During the preliminary, Defendant Kelley S. Wicktor's counsel laid the following foundation for the production of the reports:
Q: Detective Susuras, did you prepare any reports in this case?
A: Not other than the Affidavit [that is attached to the Criminal Complaint]. I have not had a chance to author any reports.
Q: Okay. And in coming in here today, did you rely on any reports for your testimony?
A: Yes, I have.
THE COURT: "Adopts or approves."

- 3 -

nor has the Court's independent research uncovered, any Ninth Circuit case law which addresses the situation before the Court.

The Government contends that for Rule 26.2(a) to require disclosure, the written statement must be (1) made by the testifying witness, and (2) signed or otherwise adopted and approved by the witness. (document # 7) The Government argues that because Detective Susuras has not yet made a written report, there exists no statement made by Detective Susuras that he either signed or otherwise adopted or approved. (Id.) Narrowly construing the specific Rule and Act, Government further argues that because the officers who drafted the reports were not called as witnesses, their reports do fall within the scope of the Jencks Act or Rule 26.2 at this time.

On the other hand, Defendants argue that the reports of Detectives Kellog, Kiefer, and Diaz are Rule 26.2 statements as to Detective Susuras because he adopted those reports as his own words and relied upon them in testifying at the preliminary hearing.

As discussed below, the Court agrees with Defendants that the reports of Detectives Kellog, Kiefer, and Diaz are Rule 26.2 statements as to Detective Susuras, the only testifying witness as the preliminary hearing.

As used in Rule 26.2, the word "statement," is a term of art. In enacting the Jencks Act, the model for Rule 26.2, "Congress was concerned that only those statements which [can] properly be called the witness' own words should be made available to the defense . . . .It [is] important that the statement[s reflect] fully and without distortion what had been said." Palermo v. United States, 360 U.S. 343, 352 (1959). Thus, "when a testifying government

---

Q: By Ms. WILKINSON: And in relying on those, you assume that they were truthful; correct?
A: Yes, ma'am.
Q: So you adopted those reports as official reports in this case?
A: Yes, they would be official reports.
THE COURT: More foundation, please, as to whose reports by name of author, so we can identify them, please, Ms. Wilkinson.
Q: By Ms. WILKINSON: And which reports did you rely on for your testimony today?
A: Detective Kellogg's, Detective Kiefer's, and [Detective Diaz'].
(Transcript of November 16, 2005 preliminary hearing, p. 23, l. 24 to p. 25, l. 15)

- 4 -

agent has prepared a formal report intended to be communicated to others, such a report may be discoverable as the agent's statement." United States v. Lewis, 35 F.3d 148, 150 n. 4 (4th Cir.1994) (citation omitted). Similarly, a Government agent's interview report is a "statement" of a testifying witness if the witness "signed or otherwise adopted and approved" the report. United States v. Welch, 810 F.2d 485, 489(5th Cir. 1987).

During the preliminary hearing, Detective Susuras testified that he participated in investigating the Defendants but that he had not yet prepared his own investigative report. Therefore, in preparing to testify, he reviewed and relied on the reports of Detectives Kellog, Kiefer, and Diaz. Susuras testified that he adopted and approved the three Detectives' reports as official reports in this case.

Rule 26.2(a) is "designed to further the fair and just administration of criminal justice . . . ." Campbell v. United States, 373 U.S. 487, 495 (1963)(discussing the Jencks Act upon which Rule 26.2(a) was fashioned.) Additionally, the concern behind Rule 26.2(a) is that "only those statements which could properly be called the witness' own words should be made available to the defense for purposes of impeachment." Palermo, 360 U.S. at 352. Here, the detectives' reports are properly considered Detective Susuras' own words. Detective Susuras drafted a criminal complaint based on those reports, supported his claim of probable cause based on those reports, and adopted them as official reports. Although Detective Susuras neither uttered nor drafted the words in the detective reports, he adopted the detectives' words as his own. As such, the reports of Detectives Kellog, Kiefer, and Diaz are Rule 26.2(a) "statements" as to Detective Susuras who testified at the preliminary hearing.

The Fifth Circuit's decision in United States v. Sink, 586 F.2d 1041 (5th Cir. 1978) is instructive. In Sink, Agent Stebbins prepared a report of his investigation into defendants' criminal activity and testified at trial regarding his investigation. 586 F.2d 1041, 1049. The court found the report to be a Jencks Act statement as to the author, Agent Stebbins. Id. at 1050. Significantly, the court further found that the arresting agent, Conelly, who also testified at trial, had endorsed Stebbins' investigative report. Id. The court found that the investigative

report prepared by Stebbins was a Jencks Act statement as to Agent Conelly who had not participated in the preparation of the report, but who "had verified its accuracy." Id.

Similar to Agent Conelly in Sink, here Detective Susuras did not prepare the investigative report at issue, but rather approved reports prepared by other detectives and testified based on those reports. The Court concludes that the investigative reports of Detectives Kellog, Kiefer, and Diaz are Rule 26.2(a) statements as to testifying Detective Susuras who adopted and approved those reports and relied upon those reports as his own in preparing the Criminal Complaint and testifying at the preliminary hearing.

Accordingly, the Court declines to vacate its November 16, 2005 ruling and orders the Government to produce to Defendants the reports of Detectives Kellog, Kiefer, and Diaz on or before December 23, 2005. It appears that the Government's strategy in offering the testimony of Detective Susuras, rather than the testimony of Detective Kellog, Kiefer, or Diaz, was to avoid producing the detectives' reports based on a hyper-technical reading of Rule 26.2. Such a tactic does not reflect the spirit of Rule 26.2(a) and is neither fair nor just under the circumstances. Campbell, 373 U.S. at 495.

The United States Attorney, and his assistants, are "the representative[s] not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." United States v. Acosta, 357 F.Supp.2d 1228, 1232 (D. Nevada, 2005)(citing Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Government's Motion to Reconsider (document # 7) is **DENIED.**

**IT IS FURTHER ORDERED** that on or before **December 23, 2005,** the Government shall produce to Defendants Kelly Wicktor, Dustin Wicktor and Leggitt the reports of Detectives Kellog, Kiefer, and Diaz.

Pursuant to Rule 59(a), FED.R.CRIM.P., effective December 1, 2005, the Government shall have ten (10) days from the date of service of a copy of this order within which to file specific written objections with the district court. Failure to timely file objections in accordance with Rule 59(a) will waive the right to review. 59(a), FED.R.CRIM.P.

DATED this 12th day of December, 2005.

_____
Lawrence O. Anderson
United States Magistrate Judge